## Mt. Savage Refractories Company *v.* D. H. Overmyer Co., Inc. (et al., Appellant).

Argued November 10, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Charles Covert Arensberg*, with him *James M. Ferguson, III*, and *Tucker, Burke, Campbell & Arensberg*, for appellant.

*James L. Weisman*, with him *Avins and Weisman*, for appellee.

OPINION PER CURIAM, March 23, 1971:
Order affirmed.

———

DISSENTING OPINION BY MONTGOMERY, J.:
The lower court in this case refused the petition of the appellant, Lawrence Warehouse Company (Lawrence), to strike off discontinuance and for leave to intervene mainly for the reason that in its opinion Lawrence would not be unduly prejudiced thereby. Since I think that Lawrence has been so prejudiced, I am constrained to express this dissent from the affirmance of the lower court's order.

Although there was a dispute between the parties to this appeal on some of the facts, the facts necessary for a decision on this controversy are as follows: The appellee, Mt. Savage Refractories Company (Mt. Savage),

on August 28, 1969, commenced a suit in replevin against D. H. Overmyer Co., Inc. (Overmyer), to recover possession of certain automotive and truck parts situated in Warehouse A and B at 2150 Roswell Drive, Pittsburgh, Pennsylvania, and posted a $90,000 bond of The Travelers Indemnity Company. The condition of the bond was, "That if the above named plaintiff fails to maintain its title to such goods or chattel it shall pay to the party thereunto entitled the value of said goods and chattels, and all legal costs, fees and damages which the defendant or other persons, to whom such goods or chattels so detained belong may sustain by reason of the issuance of such WRIT OF REPLEVIN . . ." The writ of replevin directed the sheriff to seize the property and to add as a party defendant any person other than Overmyer who might be found in possession of the goods.

The sheriff returned the writ as having been served on O. Brown, the field manager of Overmyer. However, at the time of the seizure of the goods by the sheriff, John Wendell, Assistant Vice President of Lawrence, asserted a warehouseman's lien on the goods and demanded storage charges in the amount of $6,661.43 from Mt. Savage; and upon refusal of Mt. Savage to pay the storage charges, Lawrence demanded and received from Mt. Savage a written release[1] of any liability for the condition and quantity of the goods. No counterbond was filed and no other party, including Lawrence, was added as defendant. On September 3, 1969, Mt. Savage and Overmyer discontinued the suit in replevin and marked the docket accordingly. No notice of the discontinuance was given Lawrence.

---

[1] This release was in fact a demand for delivery of the goods signed by Mt. Savage and directed to Lawrence with a release of any liability for compliance on the part of Lawrence, which released the goods to the sheriff.

On January 30, 1970, Lawrence was granted a rule to show cause on the present petition, which was finally discharged, from which this appeal has been taken.

It is my opinion that Lawrence will be prejudiced if the discontinuance is allowed to stand. Although Lawrence's storage charges remain to be established since it is a fact in dispute, the essential fact in the present appeal is that Lawrence did demand such charges from the sheriff and from Mt. Savage at the time that the goods were seized from its possession. Therefore, at that time Mt. Savage was on notice that Lawrence was asserting a warehouseman's lien on the goods, thus making it a proper party defendant in the replevin action. I consider it to be immaterial that Lawrence Warehouse Company was not formally added as a party defendant, as it should have been, since Mt. Savage was on notice as to Lawrence's status as a defendant. Mt. Savage, therefore, should have given notice to Lawrence before it discontinued the replevin action. The fact that no notice of same was given relieves Lawrence of any charge of laches for failure to petition to intervene and strike off the discontinuance earlier than almost five months after the action in replevin was discontinued. Under Pennsylvania Rule of Civil Procedure 229(c), the lower court should have granted the petition since the failure of Lawrence to have the right to litigate the question of its storage charges in the replevin action might prejudice its right to recover under the replevin bond. It should not be limited to a suit in assumpsit against Mt. Savage.

Furthermore, in my opinion, the alleged warehouseman's lien of Lawrence was not lost by its demand of a release from Mt. Savage and an "agreement" to pay the storage charges, in view of the fact that Mt. Savage persisted in the seizure of the goods through the sheriff in the replevin action. As stated in 51 Am. Jur. 2d,

Liens, §41, "The presumption is against waiver [of liens]; a lienor will not be held to waive a lien unless the intent to do so is express or very plain and clear, and it is shown that he knowingly surrendered his lien." In this case it was done under the coercive power of the sheriff, who threatened Lawrence's representative with arrest.

Therefore, I respectfully dissent.

HOFFMAN and SPAULDING, JJ., join in this dissenting opinion.

